FILED - USDC - FLMD - ORL
OCT 28 2026 PM1:41

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

**MAHDIABDUL WILKERSON,**

**Plaintiff,**

**v.**

**PREMIER HEALTH SOLUTIONS, LLC,**

**Defendant.**

**Case No.:** 6:26-CV-02523-RBD-DCI

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE ACTION**

**1. Plaintiff Mahdiabdul Wilkerson brings this action against Defendant Premier Health Solutions, LLC ("Premier") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), and its implementing regulations.**

**2. This action arises from a series of 74 unsolicited telephone solicitations Plaintiff received between November 14, 2024, and December 3, 2024.**

**3. Plaintiff alleges that all 74 calls were initiated by Premier, directly or through telemarketers acting on its behalf, as part of a unified campaign to solicit consumers for health insurance enrollment.**

**4. The calls followed substantially the same solicitation process, represented themselves as associated with the Healthcare Marketplace, and sought to obtain health insurance enrollments.**

**5. Plaintiff's personal telephone number was registered on the National Do Not Call Registry before the calls began.**

**6. Throughout the calling campaign, Plaintiff repeatedly instructed callers to stop calling and communicated that he did not wish to receive further solicitations.**

**7. Nevertheless, the calls continued through the same alleged solicitation campaign.**

**8. On December 3, 2024, Plaintiff received another call following the same solicitation process. During that call, Plaintiff continued the conversation to identify the business responsible for the recurring solicitations.**

**9. That call resulted in a live transfer to an insurance enrollment representative and a health insurance enrollment.**

**10. The government Health Insurance Marketplace subsequently identified Brandon Michael Wood as the agent of record associated with the enrollment.**

**11. Plaintiff's independent investigation connected Wood to Premier during the relevant period.**

**12. Plaintiff alleges that the December 3 call was part of the same campaign responsible for the preceding calls and provides a factual connection between the recurring solicitations and Premier.**

## II. PARTIES

**13. Plaintiff Mahdiabdul Wilkerson is a natural person residing in Florida.**

**14. During the relevant period, Plaintiff was the subscriber and customary user of telephone number 407-731-3094, which he used for personal purposes.**

**15. Defendant Premier Health Solutions, LLC is a business entity associated with the marketing or enrollment of health insurance coverage.**

**16. Upon information and belief, Premier conducted or utilized telephone solicitation and lead-generation activities to obtain health insurance**

**enrollment opportunities, including through third-party telemarketers acting on its behalf.**

## III. JURISDICTION AND VENUE

**17. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.**

**18. Plaintiff brings his claim under the private right of action provided by 47 U.S.C. § 227(c)(5).**

**19. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred when Plaintiff received the telephone solicitations in this District.**

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Telephone Number and Do Not Call Registration

**20. During the relevant period, Plaintiff was the subscriber and customary user of telephone number 407-731-3094, which he maintained and used for personal, nonbusiness purposes and had registered on the National Do Not Call Registry.**

21. Plaintiff registered that telephone number on the National Do Not Call Registry on November 25, 2023.

22. The telephone number remained registered throughout the November 14, 2024, through December 3, 2024, calling period.

23. Plaintiff did not request the recurring health insurance solicitation calls described in this Complaint.

24. Plaintiff had not provided Premier or the originating callers prior express invitation or permission to conduct the alleged calling campaign.

B. The Sequence of 74 Telephone Solicitations

25. Between November 14, 2024, and December 3, 2024, Plaintiff documented 74 unsolicited telephone solicitations to telephone number 407-731-3094.

26. The calls occurred in the following sequence:

| Date | Documented Calls |
| --- | --- |

| | |
|---|---|
| **November 14, 2024** | **1** |
| **November 18, 2024** | **16** |
| **November 19, 2024** | **17** |
| **November 20, 2024** | **25** |
| **November 21, 2024** | **6** |
| **November 22, 2024** | **5** |
| **November 23, 2024** | **2** |

| | |
|---|---|
| **December 3, 2024** | **2** |
| **Total** | **74** |

**27. The calls were concentrated within a short period and repeatedly targeted the same personal telephone number.**

**28. Plaintiff personally experienced substantially the same calling process throughout the campaign.**

**29. The originating callers represented themselves as associated with the Healthcare Marketplace and solicited Plaintiff concerning health insurance coverage or enrollment.**

**30. The calls shared a common commercial purpose of generating health insurance enrollment opportunities and followed substantially the same solicitation process.**

**31. Plaintiff alleges that the 74 calls were not isolated or unrelated solicitations. Rather, Plaintiff personally experienced a recurring solicitation process involving substantially the same Healthcare Marketplace representations, the same health insurance enrollment objective, and repeated**

**contacts to the same telephone number. Plaintiff alleges that the December 3, 2024 call followed that same process and resulted in the live transfer and enrollment connecting the campaign to Premier.**

**32. Throughout the calling campaign, Plaintiff repeatedly told callers to stop contacting him and communicated that he did not want further health insurance solicitations.**

**33. Despite those requests, the telephone solicitations continued.**

**34. Plaintiff alleges, upon information and belief, that the originating callers participated in a common campaign intended to generate health insurance enrollment opportunities for Premier.**

**35. Plaintiff further alleges, upon information and belief, that all 74 calls were initiated by Premier or by telemarketers acting on Premier's behalf.**

**C. Repeated Requests to Stop Calling**

**36. Throughout the calling campaign, Plaintiff repeatedly instructed the originating callers to stop calling his telephone number.**

**37. Plaintiff communicated that he did not wish to receive additional telephone solicitations concerning health insurance enrollment.**

**38. The callers nevertheless continued contacting Plaintiff through substantially the same solicitation process.**

**39. Plaintiff alleges, upon information and belief, that the callers receiving his requests were participating in the same marketing campaign conducted by or on behalf of Premier.**

**40. Despite Plaintiff's repeated requests to stop receiving telephone solicitations, Plaintiff continued to receive additional health insurance solicitation calls through substantially the same calling process during the documented campaign.**

**41. The continued telephone solicitations formed part of the same campaign Plaintiff attributes to Premier.**

**42. Plaintiff's call log, attached as Exhibit B, documents the dates, times, caller-identification numbers, and available notes concerning the calls.**

**D. December 3, 2024 — The Call Connecting the Campaign to the Enrollment**

**43. On December 3, 2024, at approximately 5:44 p.m., Plaintiff received another health insurance solicitation from caller ID 407-601-1896.**

**44. The call was placed to Plaintiff's telephone number, 407-731-3094.**

**45. Plaintiff personally recognized the solicitation process as substantially the same process he had experienced during the preceding calls.**

**46. Rather than immediately ending the conversation, Plaintiff continued the call to determine the identity of the business or individuals associated with the repeated solicitations.**

**47. During that same call, Plaintiff was transferred live to an insurance enrollment representative.**

**48. Plaintiff did not independently contact a separate insurance business to initiate that transfer.**

**49. The transfer occurred as part of the ongoing telephone solicitation and enrollment process.**

**50. During the enrollment interaction, the representative noticed that Plaintiff's original telephone number was registered on the National Do Not Call Registry.**

**51. The representative requested an alternate telephone number.**

**52. Plaintiff provided alternate telephone number 321-342-5264.**

**53. The enrollment interaction continued and resulted in Plaintiff's health insurance enrollment.**

**54. Plaintiff did not make another request to stop calling during that particular enrollment conversation because he continued the interaction to identify the business associated with the solicitations.**

**55. Plaintiff alleges that the December 3 call followed substantially the same solicitation process as the preceding calls and, through the live transfer and resulting enrollment, provided a factual connection between that recurring process and an insurance agent associated with Premier.**

**E. Identification of the Agent of Record and Connection to Premier**

**56. Following the December 3 enrollment, Plaintiff contacted the government Health Insurance Marketplace to identify the agent associated with his enrollment.**

**57. Marketplace personnel orally identified Brandon Michael Wood as the agent of record.**

**58. Plaintiff subsequently contacted the Marketplace again to verify the agent-of-record information.**

**59. Plaintiff independently investigated Wood's business affiliations and identified his connection to Premier Health Solutions, LLC during the relevant period.**

**60. Plaintiff alleges that the December 3 enrollment was associated with Premier through Wood's business relationship with Defendant.**

**61. Plaintiff alleges, upon information and belief, that the enrollment generated through the December 3 solicitation was an enrollment opportunity associated with Premier.**

**62. Plaintiff relies on the Marketplace identification, his independent investigation, and the sequence of the December 3 call as part of the factual basis for connecting the alleged solicitation campaign to Premier.**

**F. Premier's Responsibility for the Entire 74-Call Campaign**

**63. Plaintiff alleges that the December 3 solicitation was not an isolated or unrelated transaction.**

**64. It followed substantially the same solicitation process as the preceding calls.**

**65. The calls targeted the same telephone number, concerned the same health insurance enrollment objective, and occurred during a concentrated period.**

**66. The December 3 solicitation progressed through a live transfer and resulted in an enrollment associated with an agent connected to Premier.**

**67. Plaintiff alleges that all 74 calls formed part of one coordinated health insurance solicitation campaign because the calls repeatedly targeted the same telephone number, followed substantially the same solicitation process, represented themselves as associated with the Healthcare Marketplace, and pursued the same health insurance enrollment objective.**

**68. Plaintiff personally experienced that recurring solicitation process throughout the calling period and recognized the December 3, 2024 solicitation as a continuation of the preceding calls.**

**69. During the December 3 solicitation, the originating caller transferred Plaintiff directly to an insurance enrollment representative, and that interaction resulted in Plaintiff's health insurance enrollment.**

**70. The government Health Insurance Marketplace subsequently identified Brandon Michael Wood as the agent of record for that enrollment. Plaintiff**

**independently identified Wood's business connection to Premier during the relevant period.**

**71. Plaintiff alleges, upon information and belief, that all 74 telephone solicitations received between November 14, 2024, and December 3, 2024, were part of a single coordinated health insurance marketing and lead-generation campaign conducted by Premier Health Solutions, LLC, directly or through originating telemarketers acting on its behalf.**

**72. Plaintiff bases this allegation on the factual circumstances personally experienced during the calling campaign, including repeated calls to the same telephone number, substantially the same Healthcare Marketplace representations, the common purpose of obtaining health insurance enrollments, and the continuation of that solicitation process through the December 3, 2024 live transfer and resulting enrollment.**

**73. The December 3, 2024 solicitation was not a separate transaction initiated independently by Plaintiff. Rather, Plaintiff received the unsolicited call, participated in the same recurring solicitation process, and was transferred live to an insurance enrollment representative. The interaction resulted in a health insurance enrollment for which the government Health Insurance Marketplace subsequently identified Brandon Michael Wood as Plaintiff's**

agent of record. Plaintiff alleges that Wood was connected to Premier during the relevant period.

74. Plaintiff expressly alleges, upon information and belief, that Defendant Premier Health Solutions, LLC was responsible for each and every one of the 74 telephone solicitations received between November 14, 2024, and December 3, 2024, either by initiating the calls directly or through originating telemarketers acting on its behalf. Plaintiff alleges that the calls were part of one coordinated campaign intended to generate health insurance enrollment opportunities for Premier, rather than unrelated solicitations by independent businesses.

75. Plaintiff does not rely solely on the resulting December 3 enrollment to attribute the calls to Premier. Plaintiff also relies on the repeated and substantially similar solicitation process throughout the documented campaign, the common health insurance enrollment objective, the concentrated sequence of calls, and the live transfer that connected the recurring solicitation process to the resulting enrollment.

76. Plaintiff alleges, upon information and belief, that the originating telemarketers participated in the coordinated campaign described above on

**behalf of Premier. The precise identities of those telemarketers and the terms of their relationships with Premier are not presently known to Plaintiff.**

## V. COUNT I — TCPA VIOLATION: NATIONAL DO NOT CALL REGISTRY

**47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2)**

**77. Plaintiff incorporates paragraphs 13 through 76 as though fully set forth herein.**

**78. During the relevant period, Plaintiff was the subscriber and customary user of telephone number 407-731-3094, which Plaintiff used for personal purposes and had registered on the National Do Not Call Registry before receiving the telephone solicitations described in this Complaint.**

**79. Plaintiff's telephone number was registered on the National Do Not Call Registry before the calling campaign began and remained registered throughout the relevant period.**

**80. Plaintiff received 74 telephone solicitations between November 14, 2024, and December 3, 2024.**

**81. The calls promoted health insurance enrollment and were made for telephone solicitation purposes.**

**82. Plaintiff alleges, upon information and belief, that all 74 calls were initiated by Premier, directly or through telemarketers acting on its behalf, as part of the same campaign described above.**

**83. Plaintiff had not provided prior express invitation or permission authorizing the alleged calling campaign, and Plaintiff alleges that no applicable exception permitted the calls.**

**84. Plaintiff alleges that Defendant Premier Health Solutions, LLC, directly or through telemarketers acting on its behalf, initiated all 74 telephone solicitations to Plaintiff's residential telephone number between November 14, 2024, and December 3, 2024, while that number was registered on the National Do Not Call Registry. Plaintiff alleges that these solicitations were made without prior express invitation or permission and that Premier thereby violated 47 C.F.R. § 64.1200(c)(2), giving rise to Plaintiff's claim under 47 U.S.C. § 227(c)(5).**

**85. Plaintiff seeks statutory damages authorized by 47 U.S.C. § 227(c)(5), including enhanced damages to the extent the evidence establishes knowing or willful violations.**

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendant Premier Health Solutions, LLC;

B. Award statutory damages of $500 for each proven violation for which recovery is authorized under 47 U.S.C. § 227(c)(5);

C. Award enhanced statutory damages of up to $1,500 per proven knowing or willful violation, where authorized by law;

D. Award recoverable costs of this action; and

E. Grant such other relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Mahdiabdul Wilkerson

Plaintiff, Pro Se

**Address:** 1848 morgans mill circle orlando fl 32825

**Telephone:** 407-731-3094

**Email:** wilkerson mahdiabdul @ gmail . com

**Date:** ______________________________

**EXHIBIT LIST**

**Exhibit A: Proof of National Do Not Call Registry Registration — Telephone Number 407-731-3094.**

**Exhibit B: Plaintiff's Call Log Documenting 74 Telephone Solicitations Between November 14, 2024, and December 3, 2024.**